NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 25 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUSTININAO LOPEZ-MORENO, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 18-71156 Agency No. A088-760-215 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2019[**]

Before: McKEOWN, BYBEE, and OWENS, Circuit Judges.

Justininao Lopez-Moreno, a native and citizen of Mexico, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

adjustment of status, asylum, withholding of removal, and relief under the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and review de novo claims of due process violations in immigration proceedings, *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

The agency did not err in concluding that Lopez-Moreno was ineligible for adjustment of status because he had not been admitted or paroled into the United States, did not qualify for the exception under 8 U.S.C. § 1255(i), and did not show prima facie eligibility for an I-601A provisional unlawful presence waiver. *See* 8 U.S.C. §§ 1255(a), (i); 1182(a)(9)(C); 8 C.F.R. § 212.7(e) (providing waiver for inadmissibility for unlawful presence under 8 U.S.C. § 1182(a)(9)(B)(1), but not inadmissibility for reentry after unlawful presence under 8 U.S.C. § 1182(a)(9)(C)).

Substantial evidence supports the agency's determination that Lopez-Moreno failed to establish that any harm he experienced or fears in Mexico was or would be on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus

2                                                                              18-71156

to a protected ground."). Contrary to Lopez-Moreno's argument, *Pirir-Boc v. Holder*, 750 F.3d 1077 (9th Cir. 2014) did not address a petitioner's political opinion claim. *See id.* at 1080 n.1. We therefore deny petitioner's request to remand. Thus, Lopez-Moreno's asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT relief because Lopez-Moreno failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the Mexican government. *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (claims of possible torture speculative).

We reject Lopez-Moreno's contentions that the BIA violated his due process rights as to his former counsel's motion to withdraw and as to Lopez-Moreno's application for adjustment of status. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim). In addition, we reject as unsupported by the record Lopez-Moreno's contentions that the BIA ignored or summarily rejected his claims.

As to Lopez-Moreno's contention that the BIA insufficiently explained its denial of his request for administrative closure, we reject his contention because the record does not establish that Lopez-Moreno moved the agency to

3                                                                    18-71156

administratively close his case or that the BIA rendered a decision on administrative closure. *See id.*

We reject Lopez-Moreno's contention that the agency improperly denied him a continuance to obtain new counsel, where the record reflects that Lopez-Moreno did not move for such a continuance, and that the IJ nonetheless provided a continuance of more than three months following the withdraw of Lopez-Moreno's prior counsel. *See id.*

Finally, we lack jurisdiction to consider Lopez-Moreno's contentions that the agency improperly denied him a continuance to apply for adjustment of status because he failed to raise these contentions to the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004). Similarly, we lack jurisdiction to consider Lopez-Moreno's contention regarding whether the IJ improperly allowed his attorney to withdraw because he failed to raise it to the BIA. *Id.*

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

18-71156